IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| LTG & ASSOCIATES, INC., | § |
| --- | --- |
| Plaintiff, | § § § |
| VS. | § NO. 4:18-CV-722-A |
| MONROE INDEMNITY INSURANCE COMPANY, | § § § |
| Defendant. | § § |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Monroe Indemnity Insurance Company, for summary judgment. The court, having considered the motion, the response of plaintiff, LTG & Associates, Inc., the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On August 31, 2017, plaintiff filed its original petition in the District Court of Tarrant County, Texas, 17th Judicial District, against defendant and certain individuals. Doc.[1] 1, Ex. D. The action was removed to this court, id., Ex. L, but ultimately remanded. Id., Ex. N. Plaintiff filed a notice of nonsuit, dismissing its claims against the individuals, id., Ex.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

W, and defendant again filed a notice of removal bringing the action before this court. Doc. 1.

Pursuant to order signed September 28, 2018, Doc. 9, on October 10, 2018, plaintiff filed an amended complaint (the "complaint"). Doc. 10. In it, plaintiff alleges:

Defendant sold to plaintiff commercial insurance policy number CPP0017913-03 (the "policy"), covering property located at 209, 213, and 217 E. McElroy Blvd., Saginaw, Texas (the "property"). Doc. 10, ¶ 4, ¶6. Plaintiff timely paid all insurance premiums. Id. ¶ 10. On or around April 1, 2015, and March 23, 2016, the property suffered incredible damage due to a severe hail and windstorm. Id. ¶ 8. "The storm caused significant damage" to the property. Id. ¶ 11. For both the April 2015 claim and the March 2016 claim, defendant hired adjustors to provide biased engineering reports so that it could deny coverage. Id. ¶ 13. "On both occasions, [the assigned adjustors] wrongfully and intentionally ignored objective evidence of the wind and hail storm." Id. ¶ 14 (emphasis added).

Plaintiff asserts claims for breach of contract for the failure to pay "policy benefits for the claim made due to the extensive damages caused by the wind and hail storms occurring on or around April 1, 2015 and March 23, 2016," Doc. 10 ¶ 23, for violations of the Texas Deceptive Trade Practices-Consumer

2

Protection Act, Tex. Bus. & Com. Code §§ 17.41-.63 ("DTPA"), violations of the Texas Insurance Code, and breach of common law duty of good faith and fair dealing.

II.

## Grounds of the Motion

Defendant urges that plaintiff cannot show that defendant breached the insurance policy as alleged in its complaint. Further, plaintiff's extra-contractual claims must fail as a matter of law because plaintiff is not entitled to benefits under the policy.

III.

## Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof

concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] Celotex Corp., 477 U.S. at 323. If the record taken as a

---

[2]In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit
(continued...)

4

whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

The insured has the burden under Texas law to establish coverage under the terms of the policy. JAW The Pointe, L.L.C. v. Lexington Ins. Co., 460 S.W.3d 597, 603 (Tex. 2015); Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London, 327 S.W.3d 118, 124 (Tex. 2010). Proof that the loss claimed occurred during the policy period is an essential element of the claim. Stagliano v. Cincinnati Ins. Co., 633 F. App'x 217, 219 (5th Cir. 2015). Thus, plaintiff must prove that its damages were caused by the claimed storm and not another storm outside the policy period. Id.

The summary judgment evidence establishes the following: On October 7, 2015, plaintiff reported a claim for damage to the property caused by an April 1, 2015 hail storm causing roof damage. Doc. 26, APPX 349. The claim was reported because a roofer soliciting business convinced plaintiff to allow him to inspect the property. Id. at APPX 258-60. On October 29, 2015,

---

[2](...continued)
explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

Nelson Forensics inspected the property and determined that the hail damage occurred long before April 1, 2015. Id., Ex. B. By letter dated January 16, 2016, defendant denied the claim, noting that any hail damage that was seen occurred prior to defendant's policy periods for plaintiff, which began January 10, 2014.[3] Id., Ex. C, APPX 141. In May 2017, plaintiff reported another hail claim with a loss date of March 23, 2016. Id. at APPX 280-81. Defendant again retained Nelson Forensics to investigate the claim, and it inspected the property on June 26, 2017. Id., Ex. D. Its report concluded that the conditions at the property were consistent with its prior observations when conducting the first inspection. Id. at APPX 164. By letter dated August 27, 2017, defendant denied plaintiff's second claim. Id., Ex. E.

Plaintiff has maintained throughout the course of the proceedings, Doc. 1, Exs. D & M, and continues to allege, Doc. 10, that losses occurred on or about April 1, 2015, and on or about March 23, 2016. Its demand letter specifically recited: "On the loss date set forth in my Clients' claim, the storm struck the local area and my Clients' property was severely damaged." Doc. 26, Ex. F, APPX 175.

---

[3] Nelson observed that the hail that caused the damage was larger than any that had fallen near the property in several years. Doc. 26, Ex. B (APPX 126, 129).

However, plaintiff's own expert says that no hail damage occurred at those times.[4] Doc. 26, APPX 434. And, plaintiff agrees that its claims based on the April 1, 2015 loss date should be withdrawn. Doc. 28 at 5 & 8. Plaintiff admits that it has known since receipt of its expert report dated February 14, 2019, that the second alleged loss did not occur on or about March 23, 2016, as alleged.[5] Id. at 6. Yet plaintiff has not sought leave to amend its complaint and the time for doing so has expired. Doc. 15 ¶ 2. The complaint alleges not that damages occurred during the applicable policy periods, but rather that damages occurred on or around specific dates. Doc. 10. Plaintiff has not raised a genuine fact issue as to breach of contract as pleaded.

Even assuming plaintiff had properly pleaded and supported its breach of contract claim, it has not specifically pointed out any fact issues that would preclude the granting of summary judgment in favor of defendant with regard to the non-contractual claims. Rather, the summary judgment response is wholly conclusory, arguing repeatedly that because defendant failed to provide coverage, its evaluation must have been "inadequate and

---

[4] Plaintiff's expert agrees that it would be unreasonable to take a position that no damage occurred earlier, as Nelson concluded. Doc. 26 at APPX 449.

[5] Plaintiff's expert agreed with Nelson that the damages were caused by larger hail than had fallen April 1, 2015 and on or about March 23, 2016. Doc. 26 at APPX 434.

7

unreasonable and [] conducted in bad faith." See, e.g., Doc. 28 at 15. That two parties disagree does not mean that one of them was acting in bad faith. Plaintiff's own corporate representative testified that he knew of no unreasonable actions by the insurance adjustors. See Doc. 26, APPX 310-16. Plaintiff has not cited to any evidence to support its DTPA, Insurance Code, or bad faith claims, much less create a genuine fact issue as to any of them. Indeed, plaintiff could not establish extra-contractual damages since plaintiff agrees that defendant did not breach the contract in the manner alleged. That is, plaintiff admits that it did not incur damages as a result of storms on or about April 1, 2015, and March 23, 2016.

V.

Order

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on its claims against defendant; and that such claims be, and are hereby, dismissed with prejudice.

SIGNED April 24, 2019.

_____
JOHN McBRYDE
United States District Judge